IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CT-3152-D

| | | |
|---|---|---|
| EARL GRAVES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| LT. HALLOWELL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On June 17, 2013, Earl Graves ("Graves" or "plaintiff"), a former state inmate proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 [D.E. 1].[1] On January 24, 2014, the court denied Graves's motions for appointment of counsel and for entry of default, granted Graves's motions to amend his complaint, reviewed Graves's filings pursuant to 28 U.S.C. § 1915A, and allowed Graves to proceed with a claim concerning his exposure to second-hand smoke ("ETS") at Greene Correctional Institution ("GCI") [D.E. 27]. The crux of Graves's complaint concerns defendants' alleged failure to enforce GCI's no-smoking policy during Graves's 24 months of incarceration at GCI. See id. Graves seeks $3,500,000 in damages. On May 28, 2014, defendants answered the amended complaint [D.E. 51]. On May 30, 2014, Magistrate Judge Robert B. Jones, Jr. entered a scheduling order, which set a filing deadline for motions of July 30, 2014 [D.E. 52].

Graves again seeks to amend his complaint [D.E. 26, 30, 37], requests appointment of counsel [D.E. 40], moves for default judgment [D.E. 47] and summary judgment [D.E. 48], and requests reconsideration of the court's order dismissing several of his claims [D.E. 31]. On July 29,

---

[1] On May 6, 2014, Graves was released from incarceration. See [D.E. 49].

2014, defendants moved for judgment on the pleadings [D.E. 54]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Graves about the motion, the consequences of failing to respond, and the response deadline [D.E. 56]. Graves filed several responses in opposition to the motion [D.E. 60, 62, 64]. As explained below, the court grants defendants' motion for judgment on the pleadings and denies plaintiff's motions.

The court first addresses Graves's motions for reconsideration and to amend [D.E. 26, 30, 31, 37]. "[A] district court retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final judgment when such is warranted." Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514–15 (4th Cir. 2003); see Fed. R. Civ. P. 54(b). "Motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment," but are "committed to the discretion of the district court." Am. Canoe Ass'n, 326 F.3d at 514–15. Graves restates his dismissed claims in an attempt to alter the court's conclusion concerning their merits. See, e.g., [D.E. 31] 2–7; [D.E. 37] 3–5. Graves's amended allegations do not alter the court's conclusion. Thus, the motion for reconsideration is denied.

To the extent Graves seeks to amend his complaint to allege "acts of lawlessness" including "acts of . . . obstruction of justice[,] extortion[,] money laundering and racketeering," [D.E. 26] 3–4, "the United States and its attorneys have the sole power to prosecute criminal cases in the federal courts," and private citizens cannot petition federal courts to compel the criminal prosecution of another person. Maine v. Taylor, 477 U.S. 131, 136–37 (1986); see Leeke v. Timmerman, 454 U.S. 83, 86–87 (1981) (per curiam); Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973). Thus, amending the complaint to add this claim is futile, and the court denies the motion to amend.

2

To the extent Graves seeks to amend his complaint to assert a RICO claim, RICO provides civil remedies "when a plaintiff has suffered an injury to his business or property as a result of a violation of [18 U.S.C.] section 1962." Alley v. Angelone, 962 F. Supp. 827, 832 (E.D. Va. 1997). A RICO plaintiff must plead that the defendants engaged in or conspired to engage in "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985) (footnote omitted); US Airline Pilots Ass'n v. Awappa, LLC, 615 F.3d 312, 317–18 (4th Cir. 2010). A RICO plaintiff "must adequately plead at least two predicate acts of racketeering." Am. Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 233 (4th Cir. 2004). Here, Graves's wholly conclusory allegations concerning predicate acts are nothing more than "labels and conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008). Thus, amending the complaint to add this claim is futile, and the court dismisses Graves's amended allegations for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

As for Graves's renewed motion for appointment of counsel [D.E. 40], the court denies the motion for the reasons stated in its prior order. See [D.E. 27] 3. To the extent Graves's motion for reconsideration seeks appointment of counsel, [D.E. 31] 2, Graves has not presented any argument warranting reconsideration. As for Graves's motions for entry of default and summary judgment [D.E. 47, 48], Graves bases the motions on his belief that defendants failed to timely answer or otherwise defend the action. See [D.E. 47] 1; [D.E. 48] 1. However, defendants sought and obtained an extension of time in which to file their answer [D.E. 45, 46]. Thus, defendants timely answered the complaint. Accordingly, the motions lack merit and are denied.

Next, the court addresses defendants' motion for judgment on the pleadings. Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings "[a]fter the pleadings

3

are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). A Rule 12(c) motion is designed to dispose of cases when the material facts are not in dispute and the court can decide the case on its merits by considering the pleadings along with any materials referenced in or attached to the pleadings. See Fed. R. Civ. P. 10(c), 12(c). In addition, a court may consider "documents incorporated into the [pleadings] by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); see Thompson v. Greene, 427 F.3d 263, 268 (4th Cir. 2005); Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1465 (4th Cir. 1991).

The same standard of review applied to a motion to dismiss under Rule 12(b)(6) also applies to a motion for judgment on the pleadings under Rule 12(c). See Burbach Broad. Co. of Del. v. Elkins Radio Corp., 278 F.3d 401, 405–06 (4th Cir. 2002). In analyzing a motion for a judgment on the pleadings, a court must determine whether the complaint is legally and factually sufficient. See Iqbal, 556 U.S. at 677–80; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563–70 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano, 521 F.3d at 302; Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In evaluating a motion for judgment on the pleadings, the court accepts the complaint's factual allegations as true, but need not accept a complaint's legal conclusions drawn from the facts. Iqbal, 556 U.S. at 677–80; Giarratano, 521 F.3d at 302. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted).

In Helling v. McKinney, 509 U.S. 25 (1993), the Supreme Court analyzed a prisoner's claim that involuntary exposure to second hand smoke ("ETS") from his cellmate's five-pack a day cigarette habit created an unreasonable risk to the prisoner's health and thereby subjected him to

4

cruel and unusual punishment in violation of the Eighth Amendment. The Court declared the objective component of such an Eighth Amendment claim to require: (1) exposure to unreasonably high levels of ETS; (2) scientific and statistical evidence establishing a likelihood that the alleged ETS exposure will cause injury to a prisoner's health; and, (3) the risk of harm from the ETS exposure to be so severe that it "violates contemporary standards of decency to expose anyone to such risks." Id. at 35–36. As for the subjective component, a prison official's conduct towards the alleged ETS exposure must evince "deliberate indifference" to an unreasonable risk posed by the ETS exposure. Id.; see Farmer v. Brennan, 511 U.S. 825, 837 (1994). Accordingly, a prison official must subjectively know of and disregard an excessive risk to an inmate's health from the alleged ETS exposure. See Farmer, 511 U.S. at 837. Notably, in remanding in Helling, the Court appeared to suggest that a prisoner would have difficulty proving an Eighth Amendment violation where a prison adopted and enforced a policy prohibiting smoking in cells and limited smoking to certain designated areas. See Helling, 509 U.S. at 35–36.

Defendants argue that Graves's allegations fail to plausibly allege a sufficiently serious level of exposure to ETS or likelihood of harm from such ETS exposure to state a claim under Helling's objective prong. See Mem. Supp. Mot. J. Pleadings [D.E. 55] 8–9. As for the subjective prong, defendants argue that they "responded [to Graves's complaints of ETS] by investigating Graves['s] claims, in addition to doing everything possible to control tobacco at Greene by charging inmates criminally as well as undertaking disciplinary action within the prison." Id. 5; see also [D.E. 51-1, 51-2] (DPS policy and administrative remedy procedure). Graves responds that defendants "did not enforce the no smoking policy like they should." [D.E. 60] 4; [D.E. 62] 4.

Helling does not require smoke-free prisons. See, e.g., Scott v. Dist. of Columbia, 139 F.3d 940, 942 (D.C. Cir. 1998); Williams v. Howes, No. 1:05-CV-817, 2007 WL 1032365, at *14 (W.D.

5

Mich. Mar. 30, 2007) (unpublished); Mansoori v. Lappin, No. 04-3241-JAR, 2007 WL 401290, at *10 (D. Kan. Feb. 1, 2007) (unpublished). Moreover, a prisoner's exposure to ETS must cause "more than mere discomfort or inconvenience." Talal v. White, 403 F.3d 423, 426 (6th Cir. 2005) (quotation omitted); see Ozier v. Berghuis, No. 1:08-cv-1203, 2009 WL 1559786, at *2–3 (W.D. Mich. June 1, 2009) (unpublished) (collecting cases).

As for the objective component of Graves's Eighth Amendment claim, Graves is no longer incarcerated and faces no more exposure to ETS at GCI. See [D.E. 49]. As for the 24 months that he was incarcerated at GCI, the amended complaint merely states in a conclusory fashion that defendants failed to enforce GCI's no-smoking policy and that Graves was exposed to ETS. Graves has failed to plausibly allege a sufficiently serious level of exposure to ETS. See, e.g., Griffin v. DeRosa, 153 F. App'x 851, 853 (3rd Cir. 2005) (per curiam) (unpublished) (collecting cases); Ali-X v. Hayman, No. 10-4666 (JBS), 2010 WL 4669666, at *6 (D.N.J. Nov. 8, 2010) (unpublished) (collecting cases); Ozier, 2009 WL 1559786, at *2–3 (collecting cases). Unlike Helling, for example, Graves nowhere suggests that he had to endure a cellmate smoking five packs of cigarettes a day. Moreover, although Graves states that he "know[s] the long term effects of breathing second hand smoke . . . causes cancer, [D.E. 14-1] 3, and claims that he "will have long time and future health issues because of the exposure," [D.E. 60] 4, Graves has failed to plausibly allege any medical condition that would allow a reasonable factfinder to draw any connection between the hypothetical risks of ETS exposure and Grave's exposure to ETS. See, e.g., Powers v. Snyder, 484 F.3d 929, 932 (7th Cir. 2007) ("[A] prisoner who complains that cigarette smoking amounts to punishment because it is endangering his health must therefore show that his health is indeed endangered . . . ."); King v. Caruso, No. 2:07-cv-133, 2011 WL 4352720, at *1–2 (W.D. Mich. Sept. 16, 2011) (unpublished) (holding that general allegations of increased risk of disease from ETS

6

exposure are insufficient). Indeed, opposing defendants' motion, Graves states only that he "know[s he] will have future health issues." [D.E. 62] 1. On this record, plaintiff's pleadings fail to plausibly meet the objective component of the Eighth Amendment. Thus, defendants are entitled to judgment on the pleadings. See, e.g., Griffin, 153 F. App'x at 853; Richardson v. Spurlock, 260 F.3d 495, 498–99 (5th Cir. 2001); Pryor-El v. Kelly, 892 F. Supp. 261, 267–68 (D.D.C. 1995). In light of this conclusion, the court need not address defendant's argument concerning the subjective component.

In sum, the court GRANTS defendants' motion for judgment on the pleadings [D.E. 54] and DENIES plaintiff's motions [26, 30, 31, 37, 40, 47–48, 57]. The clerk shall close the case.

SO ORDERED. This _23_ day of September 2014.

JAMES C. DEVER III
Chief United States District Judge